*Pro Se Complaint for a Civil Case*



UNITED STATES DISTRICT COURT
for the Muscatine District of Iowa
Judicial District

| | |
|---|---|
| Fay Joseph Olsen & Nadia Olsen<br><br>*Plaintiff(s)*<br><br>VS<br><br>City of West Liberty of Iowa & Other "See attached"<br><br>*Defendant(s)* | Case No. 3:22-cv-42<br><br><br>Jury Trial: (check one) ✓ Yes ___ No |

**COMPLAINT FOR A CIVIL CASE**

**I. The Parties to This Complaint**
    **A. The Plaintiff(s)**

        Fay Joseph Olsen & Nadia E Olsen
        718 E 3rd Street
        West Liberty, IA 52776
        Muscatine County
        Fay (563)580-9909 Nadia (563)581-7630
        Fay-ojfnow76@gmail.com  Nadia-olsennadia77@gmail.com

1

**B. The Defendant(s)**

Defendant No. 1
    City of West Liberty
    409 N Calhoun St
    West Liberty, IA 52776
    Muscatine County
    Attn. to City Manager David Haugland
    (319) 627-2418
    dhaugland@cityofwestlibertyia.org

Defendant No. 2
    Jamie Bosten
    City of West Liberty Iowa, Attorney
    Muscatine IA 52761-9716
    Muscatine County
    (563) 264-5000
    jbosten@slhlaw.com

Defendant No. 3
    Terry Goerdt
    City of West Liberty Iowa, Inspector
    1313 Plum Street
    Tipton, IA 52772
    Cedar County
    (319) 330-9806
    tgoerdt@cityofwestllibertyia.org or tgoerdt64@gmail.com

Defendant No. 4
    Lee Geertz
    City of West Liberty Iowa, Clerk
    619 Nichols Ave
    Nichols IA 52766
    Muscatine County
    (319) 627-2418
    lgeertz@cityofwestlibertyia.org

## II. The Basis for Jurisdiction

What is the basis for federal court jurisdiction? *(check all that apply)*

✓ Federal question   _ Diversity of citizenship

### Basis for Jurisdiction

The list of the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue, in this case, are described below:

**Defendant # 1  City of West Liberty Iowa**
**42 U.S.C. § 1983, 18 U.S.C. § 241**
**4th, 5th, and 8th Amendments and Malicious Prosecution**

**Defendant #2  Jamie Bosten**
**42 U.S.C. § 1983, 18 U.S.C. § 241**
**4th, 5th, and 8th Amendments and Malicious Prosecution**

**Defendant #3- Terry Goerdt**
**42 U.S.C. § 1983, 18 U.S.C. § 241**
**4th, 5th and 8th Amendments and Malicious Prosecution**

**Defendant #4 -Lee Geertz**
**42 U.S.C. § 1983, 18 U.S.C. 241**
**4th, 5th, Amendments and Malicious Prosecution**

### III. Statement of Claim

The Civil Rights violations started in 2018 when the city sent us a stop-work order. The city officials had to misinterpret codes and take them out of context in order to make it appear that we were violating codes. There were never code violations. After arguing with them for a year, Nadia bought permits for projects that, according to the code, were exempt from permits. Most of them were finished years ago, and all of them were already approved by current and/or prior administrations. Nadia bought the permits to try to get them to leave us alone. I, Fay, didn't want to buy the permits because I knew that we didn't legally need permits for these projects. Nadia bought the permits on our credit card for $225, bringing our property current, as per an email from the city.

*Before, during, and after court, we have been filing complaints with the city. Many of our complaints had evidence (video, audio, police reports/dispatch reports) against my former neighbor who was a city hall office worker, Shari Hoffert. Complaints were for excessive amounts of dog poop not being picked up from my neighbor's dog in their yard and, also, their dog's poop in **our** yard, late-night **parties** of the same city hall worker, including loud music and profanity being screamed, up until 2 am. The parties also included men peeing towards my yard-exposing themselves to my children in doing so, garbage laying in their yard, and leaving their dog out in extreme temperatures with no shelter or water (the dog was clearly suffering). Numerous complaints; yet, no citations were filed against my neighbor or anything else that I called about. Even though they were clearly violating codes and laws. Police officers actually threw the law and code out of their car window when it was given to them (littering). - recorded on video - City Officials never did anything to help us, instead, they created false citations on us.*

After a year went by, we thought that it was over-but a year later they came back as though we never came to an agreement or bought the permits. They came back with the same claims again, plus additional, completely false claims. There is a lot of information showing the officials' dishonest practices, including emails, video & audio recordings, court transcripts, etc. We have the proof on our credit card that we paid them, we also have an email that clearly says <u>Permit Finalization Receipt</u>. However, in court, Lee Geertz denied that this Finalization Receipt existed.

The city of West Liberty officials moved forward giving us 17 false citations (13 were dropped + 4 went forward into court). We were able to prove before, during, and after court, that the citations were clearly false and had zero merit at all. They abused their position and violated the law by violating our civil rights. They had zero evidence of any of the claims.

4

This is ongoing, to this day, because we have a lot of debt that the city and its officials caused, we cannot sell our home due to the placement of the property pins. We know that they are wrong. The pins are shortening our lot size by almost five hundred square feet. We have attempted, many times, to find the reason why V&K INC.- Veenestra & Kimm, INC., (whom the city paid to do the survey on 9-22-2020) would add a new second set of pins, reducing our lot size. It is a violation of the 5th Amendment. Our property butts up to the alley; which butts up to the county. We have only one neighbor. There is no reason to change our lot size, which has been 150 x 120 for over a hundred years and was never contested until 2020. In addition, there are 2 other companies who disagree with V&K INC. Scott Ritter of Hart-Frederick Consultants is one of them. He surveyed the adjoining neighbor's property on 11-23-2011. He placed the pins in a different location than Veenestra & Kimm INC.; about 10 years prior. For some reason, V&K INC. decided not to use the 2011 monument which normally needs a good reason to be ignored. Ritter's pin location matches our 100-year-old lot size. Ritter's location also fits other properties on the block. V&K INC. pin locations could cause possible future problems for 710 E 3rd St, this house is now too close to the property lines. The original problem that West Liberty made an issue of (for us) was how our structures were too close to our property line. But this was proven to be false. We believe that our property pins were placed in a convenient location for the city, by V&K INC. Then it was discovered on October 12, 2021, by a field worker of Martin & Whitacre Surveyors who was there doing a survey for a local church. He noticed our property was larger than the V&K INC. claimed. I (Fay) continue to try to get statements from these survey companies but they generally ignore me because 2 of them will have to go against the other one. I am currently encouraging Ritter to get involved, we are even willing to pay for a survey. Either Scott Ritter of Hart-Frederick or Chistopher Higgins of V&K Inc. is wrong, we believe Higgins Hart-Frederick is wrong.

The City of West Liberty of Iowa and its officials maliciously filed false citations. I (Fay), with my legal team, (my wife and my mother) spent hundreds of hours studying law. I went to court as a Pro Se Attorney, the court dismissed the citations; ruling in our favor on 07/21/2021. During the process, the City officials violated Federal Statutes and US Civil Rights. Those false citations caused compensatory damages, emotional distress, unnecessary physical work (when removing structures and building material), precluding us from selling our home (by putting liens on the house) causing us to relocate three times(From IA to TN, from TN to IA, now IA to different part of IA, and the possibility of IA to TN in the future), and alteration of property size (by changing property marker locations) all of these facts deprived us of Life, Liberty and the pursuit of Happiness violating our rights.

We have reached out to the mayor, the chief of police, and the city manager. We even had a meeting at our property on October 25th of 2021 (video recorded) with the Chief of police

5

and the City manager without an outcome. We did have a meeting set up with the current mayor on February 2nd of 2022, but she canceled it and has not responded to the last two emails to set another time for a meeting. We have attempted to work this out, to no avail.

**How the defendants caused us harm and violated our rights is described below:**

**Defendant #1 The City of West Liberty of Iowa**
**42 U.S.C. § 1983, 18, U.S.C. § 241**
**4th, 5th, and 8th Amendments and Malicious Prosecution**

The City of West Liberty, Iowa (and its officials) gave us building citations that were not true. During the process, the City officials violated Federal statutes and US Civil Rights. Those false citations caused compensatory damages, emotional distress, and unwarranted physical labor (when the city coerced us into removing structures, even though they didn't know where the property pins were-and they had no probable cause). They added additional property pins (we believe that these pins are not correct since the previous markers were already established).
The City, through it's attorney, put 4 liens against our home, which resulted in precluding us from selling our home and/or obtaining a loan.
All of those facts deprived us of our Civil Rights of Life, Liberty, and the pursuit of Happiness.
Representing ourselves, as Pro Se attorneys, we won all of the 4 cases that the city had against us. This is ongoing because we are now doing the follow-up case against them. It has cost us dearly and it still is. Throughout this process, I (Fay) needed to live in Iowa with one son to fight this and Nadia needed to live in Tennessee, with two sons and we needed to travel back and forth in order to have our family together because Nadia had accepted a job in Tennessee before they did this. Therefore, we had to pay for two residences. After the school year ended, Nadia had to resign from her job in Tennessee to come back to Iowa and wait for the Judge's decision. This past year, she worked in the West Liberty School District again, but due to the circumstance of feeling targeted by the city and unsafe in West Liberty, we felt that it was necessary to leave this city. So, this was the 3rd time that she left a position that she enjoyed.

**Defendant #2 Jamie Bosten**
**42 U.S.C. § 1983, 18 U.S.C. § 241**
**4th, 5th, and 8th Amendments and Malicious Prosecution**

Jamie Bosten filed (07/03/2020) 13 citations. On (07/29/2020) He submitted pleadings for 4 citations after a meeting on our property. We provided him with evidence that the charges were false, but he ignored it.

In an email correspondence with us (09/07/2020), he stated that he "did not refile any infractions related to rodent harborage, allegations of trash, refuse, debris, etc., accumulation," even though he did. He pushed forward with those citations, making these charges fraudulent because he ignored the evidence that the property was up to date.

He used coercement by putting liens on our house and telling us that he would not remove the liens unless we did everything that the city demanded (12/03/2020 email). There was no due process. We also were not able to get a loan against our home to pay for the bills that the city caused us through this process, due to the leins. We believe that this is coercion, fraud, and extortion. Without the funding, we did not have a way to obtain an attorney. We shared all of the proof of our innocence with Mr. Bosten. Yet, he went forward and maliciously prosecuted us, being aware that we were innocent. He coerced us into tearing down structures with valid permits, moving many things off of the property, causing financial, physical, and emotional difficulties for our family...packing the items, moving the items, and storing the items; even though it was not necessary or even legal. Mr. Bosten instituted a continuation of charges proceeding for improper purpose without probable cause. He even acknowledged that two of the charges were not true (one on tape and one in an email). We believe that this makes him guilty of malicious prosecution. According to the American Bar Association, "I solemnly swear that I will support the Constitution of the United States, . . ." "This promise is included first in every state's attorney oath, and it is the most important promise that a new attorney will make."

The court dismissed all of the charges in our favor.

The actions that he pursued against our family, caused us to be separated because I needed to stay in Iowa, instead of moving with my family to Tennessee. Therefore, we also had the extra expense of paying for two residences.

He also signed a paper on 07/03/2020 sent to us by the police stating, "Total Fines sought by the City: $7,500.00 per day, per violation; plus all associated court costs and fees. This is directly a violation of the 8th Amendment.

7

**Defendant #3 Terry Goerdt**
**42 U.S.C. § 1983, 18 U.S.C. § 241,**
**4th, 5th and 8th Amendments and Malicious Prosecution**

Terry Goerdt, in West Liberty Iowa, failed to use due process on 07/03/2020, first by giving us 13 false citations (citing that the fines were 7,500.00 per day, per violation-8th Amendment violation, Tibs versus Indiana; Hudson versus the United States; Austin versus the United States).

He did this again on 07/29/2020 by giving us 4 citations that were either not true or were previously resolved. There was no probable cause and it was against our Civil Rights.

Then, he intended to charge us $750.00 per citation per day with the 4 citations, which, again, is an excessive fine (8th Amendment ruled on by the Supreme Court).

Mr. Goerdt, using coercion, made us tear down building structures (that had permits that he had previously approved and had finalized), remove new building materials, and made me stop operating my legal home-based business at a very crucial time. This, not only, caused my profits to drastically decline (much of the cause was removing my organized product from home to a storage unit and the loss of time to replenish product because my time was spent fighting false charges and now, because we cannot afford an attorney, I am continuing to study laws and codes in order to obtain compensatory and punitive damages), but the business has never fully recovered, so our income has dramatically changed. We were not afforded our due process. The court dismissed all of the charges in our favor. It is our belief that Mr. Goerdt is guilty of malicious prosecution and violation of our rights. We believe that he was aware that all of the charges were false, but he pursued the cases anyway.

**Defendant #4 Lee Geertz**
**42 U.S.C. § 1983, 18 U.S.C. § 241**
**4th, 5th, Amendments and Malicious Prosecution**

Lee Geertz, in West Liberty Iowa, failed to use due process on 6/9/20 by sending a stop-work order, by email, to us without probable cause (we received this even though we were not working on anything at the time and according to the local code 9-1-4, this is to be done by the inspector, not the clerk). On 06/11/2020, Lee sent an email acknowledging that there may not be any violations. Yet, after this, she continued to set in motion charges against us that had no basis and we were not allowed any due process.

She also ignored the evidence of previous resolution of issues between the city and us by bringing the issues from 2018 again and adding those to the building citations given to us first on 07/03/2020 and again on 07/29/2020. There was, once more, no probable cause and no due process. When she testified in court (**Court recording 30:34 to 32-35** ), she stated that nothing pertaining to the permits was finalized, even though we have an email from her ( copied to Terry Goerdt) stating that permits on the property at 718 E. 3rd Street were current. We believe that she was the person maliciously pushing the charges, as indicated throughout the emails.

## IV. Relief

Fay Joseph Olsen and Nadia Olsen, as Plaintiffs, seek the following:
We are seeking punitive damages and compensatory damages for **US** Civil Rights Violations 42 U.S.C. § 1983, Title 18, U.S.C., Section 241 4th, 5th, and 8th Amendments and Malicious Prosecution in the Federal Court, because the compensatory damages alone exceed $75, 000.00 and punitive damages that far exceed $75,000. We believe that these city officials (and the city of West Liberty of Iowa) need to be held accountable for what they have done to our family. They should never be allowed to do this again.

### Compensatory Damages

| | |
|---|---|
| Building material and labor hours Replacement Cost | $25,256.41 |
| Approx. Expenses for TN and IA | $52,389.38 |
| Driving hours (from TN to IA and From West Liberty to Storage Units) | $14,604.00 |
| Attorney bill (attorney for a short time) | $1,500.00 |
| Pro Se Hours to be paid exceed 500 hrs. | $20,000."00 |
| Compensatory for money loss on Business, estimated and future losses would exceed. | $100,000.00 |
| Two years of misappropriation of the location of the pins, reducing our lot size by approximately 500 sq ft. The city needs to relocate the pins to make our property the correct size. | $2,400.00 |
| **Total cost of compensatory damages** | **$216,149.79** |

Other possible (not specified) amount individuals involved in the unnecessary removal of building material to storage, Ronald & Shelby Olsen, Noah, Isaiah, Zecheriah, Nadia Olsen. Multiple vehicles and trailers were used for transportation. Time spent by all individuals, gas, wear and tear to vehicles.

Nadia's loss of sick pay by switching jobs exceeds $10,000. Loss of tenure by resigning multiple times due to circumstances.

Much more, in addition, could be considered.

**Punitive Damages** *(four times the amount of the compensatory damages, according to our research)*

Emotional Distress

Daily Dread fearing ability to provide for our family, overwhelming fear of losing everything. Not being able to pay our bills.

Mental Health - Depression, anxiety, and panic attacks

Physical Health - Lack of sleep due to the stress

Not feeling safe in this town or our home - having to leave exterior lights on all night and installing cameras inside and outside of our home due to these issues. - Someone hung a cat in my yard.

Our children's stress. Not able to enjoy normal activities due to the fact we were traveling, being separated by 750 miles, due to the 4 liens on our home and constantly involved in this case-including them having to help unnecessarily remove building materials instead of fishing, camping, watching movies, playing, etc.

Loss of time with family while in the same home. We spend much of our time dealing with this issue instead of living a normal life. A builder/truck driver, his wife (a teacher), and (a retired cake decorator)my mother, had to study law and codes to defend the false citations that had no evidence of existing.

Nadia's difficulty performing jobs is due to the emotional distress caused by the circumstances of the situation.

Issues with our pets and being separated from our pets. Imposing on our parents to watch them was an unnecessary burden on them. One of our dogs died when we weren't home.

We were separated during birthdays, our wedding anniversary, and other holidays.

Not having the ability to have a normal life such as not knowing where we were going to live, not being able to set up doctors, dentist, or veterinarian appointments

Not having enough finances to pay our bills, not being able to get a loan against our house due to the liens on our home.

Loss of reputation - switching jobs numerous times, 17 false citations (13 were dropped + 4 went forward into court), false claims brought
by plaintiffs

After years of work building a business these officials caused the decline of it. It was having gains year after year until July 2020.

**Total of Punitive Damages $864,599.16**

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/07/2022

Signature of Plaintiff(s) _____   _____

Printed Name of Plaintiff(s) Jay J Olson   Nadia Olsen